**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21215

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
## BINGHAMTON DIVISION

| | |
|---|---|
| Zindoro Eytina, individually and on behalf of all others similarly situated, | Case No: 3:21-CV-0698 (FJS/ML) |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Law Offices of Burr & Reid, LLP, | |
| Defendant. | |

     Plaintiff Zindoro Eytina, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Law Offices of Burr & Reid, LLP as follows:

## INTRODUCTION

    1.    This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

    2.    Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

    3.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted

by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5.      As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6.      Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7.      If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8.      The FDCPA is a strict liability statute, and a debt collector's intent may only be

considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

## JURISDICTION AND VENUE

9.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10.     This court has jurisdiction over defendant Law Office of Burr & Reid, LLP because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12.     Plaintiff Zindoro Eytina ("Plaintiff") is a natural person who is a citizen of the State of Pennsylvania residing in Wayne County, Pennsylvania.

13.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14.     Defendant Law Offices of Burr & Reid, LLP ("Defendant") is a company existing under the laws of the State of New York, with its principal place of business in Vestal, New York.

15.     Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of Defendant's business is the collection of such debts.

19.     Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22.     Defendant alleges Plaintiff owes a debt to United Health Services Hospitals, Inc. ("the alleged Debt").

23.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of medical services.

24.     The alleged Debt does not arise from any business enterprise of Plaintiff.

25.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

28.     In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

29.    That correspondence, dated August 27, 2020, was received, and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**")

30.    The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31.    The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

32.    15 U.S.C. § 1692g protects Plaintiff's concrete interests and rights.

33.    Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

34.    Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

35.    Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

36.    Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

37.    As set forth herein, Defendant deprived Plaintiff of these rights.

38.    Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

39.    Plaintiff's injury is directly traceable to Defendant's conduct because Defendant initiated the communications, and but for Defendant's conduct, Plaintiff would not have been deprived of his rights.

40.    Plaintiff has been misled by Defendant's conduct.

41.     Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

42.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the Claimed Amount and other alleged debts.

43.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

44.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

45.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

46.     As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

47.     As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the Claimed Amount.

48.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

49.     A favorable decision herein would redress Plaintiff's injury with money damages.

50.     A favorable decision herein would serve to deter Defendant from further similar conduct.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

51.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

53.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

54.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

55.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

56.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

57.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

58.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

59.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

60.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

61.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

62.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

63.    The Letter contains multiple addresses for Defendant.

64.    The first address, located at the top left of the Letter, is: Post Office Box 2308, Binghamton, NY 13902-2308.

65.    The second address, located in the middle of the Letter, is: 400 Plaza Drive, Vestal, NY 13850.

66.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

67.     The Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

68.     As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

69.     As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

70.     Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

71.     Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

72.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

73.     In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

74.     The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

75.     As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

76.     As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

77.     Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

78.     Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

79.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

80.     As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

81.     As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

82.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

83.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

84.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

85.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

86.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

87.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

88.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

90.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

91.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

92.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

93.     The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided, she must send her written dispute.

94.     The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided, she must send her written dispute.

95.     The least sophisticated consumer could reasonably interpret the Letter to mean that

she could send her written dispute to any of the multiple addresses provided.

96.     As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

97.     As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

98.     Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

99.     The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided, she must send her request for the name and address of the original creditor.

100.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided, she must send her request for the name and address of the original creditor.

101.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

102.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

103.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

104.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

105.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

106.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

107.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

108.    15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

109.    15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

110.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

111.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

112.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

113.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

114.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

115.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

116.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

117.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

118.     Threatening to take adverse action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

119.     Threatening to take adverse action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

120.     Threatening to take adverse action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

121.     The Letter threatens credit reporting action against Plaintiff.

122.     The Letter with formatting emphasis at the top right of the Letter states: This office has been authorized by our client to credit report individual account balances $50.00 and above. (hereinafter the "Reporting Threat").

123.     The Letter contains no statement pertaining to Plaintiff's rights following the Reporting Threat.

124.     The Letter fails to advise that the Reporting Threat does not override the Plaintiff's right to dispute the alleged Debt.

125.     The Letter fails to advise that the Reporting Threat does not override the Plaintiff's right to request validation of the alleged Debt.

126.     The Letter fails to advise that the Reporting Threat does not override the Plaintiff's right to request the name and address of the original creditor.

127.     The least sophisticated consumer, upon reading the Reporting Threat, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subjected to such threat.

128.    The least sophisticated consumer, upon reading the Reporting Threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that if she disputes the validity of the alleged Debt, she could be subjected to such threat, during the verification process.

129.    Defendant placed the required validation notice in the body of the Letter, in the same font, font size, and typeface as the rest of body.

130.    The Letter sets forth the Reporting Threat with an emphasized formatting at the top right of the Letter.

131.    The Letter sets forth the required validation notice in a deemphasized manner.

132.    The Letter sets forth the required validation notice in a deemphasized manner especially in relation to the Reporting Threat.

133.    The required validation notice, relative to other language in the Letter, is visually inconspicuous.

134.    The required validation notice cannot be readily discerned from the rest of the language in the Letter.

135.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the required validation notice.

136.    The Letter does not otherwise direct the consumer's attention to the required validation notice in any way.

137.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

138.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

16

139.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

140.    The letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

141.    The letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

142.    The letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

143.    The letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

144.    Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is less likely to realize that such rights are not affected by Defendant's Reporting Threat.

145.    Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to overlook the rights, especially in relation to the Reporting Threat.

146.    Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to believe the rights are unimportant, especially in relation to the Reporting Threat.

147.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

148.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

149.    As a result of the foregoing, the Reporting Threat would likely make the least sophisticated consumer confused as to her rights.

150.    As a result of the foregoing, the Reporting Threat would likely make the least sophisticated consumer uncertain as to her rights.

151.    Defendant violated 15 U.S.C. § 1692g(b) as the Reporting Threat overshadows the disclosure of the consumer's right to dispute the alleged Debt.

152.    Defendant violated 15 U.S.C. § 1692g(b) as the Reporting Threat overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

153.    Defendant violated 15 U.S.C. § 1692g(b) as the Reporting Threat overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

154.    Defendant violated 15 U.S.C. § 1692g(b) as the Reporting Threat is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

155.    Defendant violated 15 U.S.C. § 1692g(b) as the Reporting Threat is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

156.    Defendant violated 15 U.S.C. § 1692g(b) as the Reporting Threat is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

157.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

158.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

159.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

160.   A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

161.   A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

162.   The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subjected to such threat.

163.   The least sophisticated consumer, upon reading the Reporting Threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that if she disputes the validity of the alleged Debt, she could face such threat.

164.   Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

165.   Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

166.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

### **THIRD COUNT**
### **Violation of 15 U.S.C. 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**

167.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

168.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

169.    15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

170.    15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

171.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

172.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

173.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

174.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

175.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

176.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

177.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

178.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

179.    Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

180.    Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

181.    Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

182.    The Letter threatens legal action against Plaintiff.

183.    The Letter provides: "Our Client has referred this account(s) to our office for collection. At this time, no attorney with this office has personally reviewed the particular circumstances of this account(s). In preparing this notice, we are relying on the information provided by our client, and have formed no opinion as to what steps may be necessary to collect this debt. (hereinafter the " Legal Threat").

184.    The Letter contains no statement pertaining to Plaintiff's rights following the Legal Threat.

185.    The Letter fails to advise that the Legal Threat does not override the Plaintiff's right to dispute the alleged Debt.

186.    The Letter fails to advise that the Legal Threat does not override the Plaintiff's right to request validation of the alleged Debt.

187.    The Letter fails to advise that the Legal Threat does not override the Plaintiff's right to request the name and address of the original creditor.

188.    The least sophisticated consumer, upon reading Legal Threat, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

189.    The least sophisticated consumer, upon reading the Legal Threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could be sued, even during the verification process.

190.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

191.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

192.    As a result of the foregoing, the Legal Threat would likely make the least sophisticated consumer confused as to her rights.

193.    As a result of the foregoing, the Legal Threat would likely make the least sophisticated consumer uncertain as to her rights.

194.    Defendant violated 15 U.S.C. § 1692g(b) as the Legal Threat overshadows the disclosure of the consumer's right to dispute the alleged Debt.

195.    Defendant violated 15 U.S.C. § 1692g(b) as the Legal Threat overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

196.    Defendant violated 15 U.S.C. § 1692g(b) as the Legal Threat overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

197.    Defendant violated 15 U.S.C. § 1692g(b) as the Legal Threat is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

198.    Defendant violated 15 U.S.C. § 1692g(b) as the Legal Threat is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

199.    Defendant violated 15 U.S.C. § 1692g(b) as the Legal Threat is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

200.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

201.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

202.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

203.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

204.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

205.    The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

206.    The least sophisticated consumer, upon reading the Legal Threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could be sued even during the verification process.

207.    Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

208.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

209.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## **CLASS ALLEGATIONS**

210.    Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

211.    Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

212.    This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

213.    The Class consists of more than thirty-five persons.

214.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law

or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

215.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

216.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

217.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.    Certifying this action as a class action; and

b.    Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c.    Finding Defendant's actions violate the FDCPA; and

d.    Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f.  Awarding the costs of this action to Plaintiff; and

g.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h.  Such other and further relief that the Court determines is just and proper.

DATED: June 2, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ David M. Barshay
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21215
*Attorneys for Plaintiff*